UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| JAMIE MONIQUE HEBERT, | : | |
| LAUREN MADISON HEBERT | | |
| MATTIE KAY HEBERT | : | Civil Action No.6:11-cv-01574 **Laf** |
| GERALD HEBERT,  DEBORAH | | |
| BLANCHARD WATERS | | |
| | : | JUDGE |
| VERSUS | | |
| | : | MAGISTRATE JUDGE |
| DELTA AIR LINES, INC., | | |
| COMAIR, INC. & UNITED STATES | : | |
| OF AMERICA | | |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : :

**<u>ORIGINAL COMPLAINT</u>**

The plaintiffs, Jamie Monique Hebert, and her daughters, Lauren Madison Hebert and Mattie Kay Hebert, together with her father Gerald Hebert, and her aunt, Deborah Blanchard Waters, through their attorney, which undersigned counsel was retained only approximately one week before this filing, urge compensatory and monetary damage awards, complaining of Defendants, respectfully averring:

## JURISDICTION AND VENUE

1. The plaintiffs are citizens of Louisiana.

2. The defendant, Comair, Inc. is an Ohio corporation with its principal place of business in Kentucky.

3. The defendant, Delta Air Lines, Inc., is a Delaware corporation with its principal place of business in Georgia, but with substantial contacts within this district.

4. The defendant, the sovereign government of the United States of America ("USA"), at all times stated herein acted, or failed to act, through the National Transportation Safety Board ("NTSB"), an agency thereof, and its agents, servants and/or employees.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in redressing violations of 49 U.S.C. § 1136 & 49 U.S.C. § 41113. Plaintiffs further rely on Kentucky Revised Statute 413.120(7) for the five (5) year statute of limitations.

7. This Court has venue under 28 U.S.C. § 1391( c) & (e)(3). Upon

information and belief, none of the agents of the defendants manning the action team, i.e. the family support services team members is from the State of Kentucky, and, upon further information and belief, none of the necessary witnesses are from the State of Kentucky.

## Summary of Case

8.  Plaintiffs are all family members of the deceased, Bryan Keith Woodward, who died in a plane crash outside of Lexington, Kentucky, on August 27th, 2006.  The wrongful death action pursuant to the Federal Tort Claims act was decided in a jury trial, under Case No. 5:07-cv-320 of the U. S. District Court for the Eastern District of Kentucky, and all awarded moneys have been paid out or held in trust.

9.  Agents of defendants, including the NTSB statutory Director of Family Support Services, failed to provide the services mandated by 49 U.S.C. § 1136 & 49 U.S.C. § 41113.  Furthermore as set forth more fully below, agents of the defendants isolated the adult plaintiffs, Jamie Monique Hebert and Gerald Hebert, and Deborah Blanchard Waters, prohibiting any communication with the outside from a "closed campus" near the crash site.  The plaintiffs, Lauren Madison Hebert and Mattie Kay Hebert, minor children of the deceased at the time of the

crash, were prevented communication with there mother, grandfather and aunt, and were furthermore barraged with telephone calls from the corporation defendants, and but prevented from getting any information about their father. Jamie Monique Hebert and Gerald Hebert, and Deborah Blanchard Waters were furthermore subjected to physical and psychological abuse by agents of the corporate defendants, all in a concerted attempt to have them sign settlements with non-disclosure agreements.  Their final jury award exceeded the settlement offers by a factor of 70 to 1.

**FIRST CAUSE OF ACTION**
**(COMAIR--RECKLESS INFLICTION OF SEVERE EMOTIONAL DISTRESS—COMPENSATORY DAMAGES**

10.  Jamie Hebert individually claims damages pursuant to § 46(1) of the Restatement (Second) of Torts, which allows a cause of action against a party "who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." See *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984).

SECOND CAUSE OF ACTION
(DELTA AND COMAIR--RECKLESS INFLICTION OF SEVERE

EMOTIONAL DISTRESS—COMPENSATORY DAMAGES

11.  In this cause of action Jamie Hebert individually claims damages for extreme and outrageous conduct occurring after the crash against Delta Air Lines, Inc. and Comair, Inc. pursuant to § 46(1) of the Restatement (Second) of Torts, which allows a cause of action against a party "who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." See Craft v. Rice, 671 S.W.2d 247 (Ky. 1984).

12.  At all relevant times Delta Air Lines, Inc. and Comair, Inc. were air carriers subject to the Aviation Disaster Family Assistance Act of 1996 as amended and the Federal Family Assistance Plan for Aviation Disasters (National Transportation Safety Board, 2000).

13.  With respect to post-crash response Delta Air Lines, Inc. and Comair, Inc. were also required to follow, inter alia, the rules, regulations, guidelines and procedures set forth in each of the following documents:

a. The Comair/Delta Connection Emergency Response Plan;
b. The Delta Emergency Operations Manual;

c. The Delta Care Team Manual;

d. The Comair, Inc. Family Assistance Plan; and

e. The Delta Care Team Training Manual.

14. The documents set forth in the preceding paragraphs, in addition to other documents and evidence collectively set forth a high standard of conduct for airlines like Delta and Comair in the aftermath of an air disaster.

15. In the aftermath of the crash of flight 5191 the post-crash response was the responsibility of Comair, Inc. overall and involved Delta and Comair employees working together.

16. The employees at Delta's Family Assistance Center responsible for initial next of kin determinations and notifications were employees of Delta who were also managed by Delta.

17. The care team members that were part of the post-crash response were employed by Delta or Delta Connection carriers such as Comair, Inc.

18. During the post-crash response the care team members

reported to the management described in the Comair/Delta Connection Emergency Response Plan and related documents. More specifically, the Family Care Team members on site in Lexington were managed by Delta employees Lamar McEwing and William Dirring, who ultimately reported to Timmothy Zeis, a Comair management official.

19. The extreme and outrageous conduct described in this cause of action was committed by employees of Delta and also employees of Comair.

20. After the crash of Delta Connection flight 5191, Delta Air Lines, Inc. and Comair, Inc., through agents, servants or employees acting with the scope of their duties committed extreme and outrageous reckless conduct in one or more or all of the following ways:

a. In violation of the Federal Family Assistance Plan for Aviation Disasters, the Comair/Delta Connection Emergency Response Plan, the Delta Emergency Operations Manual, the Delta Care Team Manual, the Comair Care Team Manual and the Delta Care Team Training Manual, failing to provide timely notification to Jamie Hebert that

Bryan Woodward was confirmed to have boarded the flight;

b. In violation of the Aviation Disaster Family Assistance Act of 1996 as amended, the Federal Family Assistance Plan for Aviation Disasters, the Comair/Delta Connection Emergency Response Plan, the Delta Emergency Operations Manual, the Delta Care Team Manual, the Comair Care Team Manual and the Delta Care Team Training Manual, disregarding that Jamie Hebert was Bryan Woodward's surviving spouse and instead appointing and thereafter persisting in the appointment of Ramona Keene as Bryan Woodward's "next of kin";  c. In violation of the Aviation Disaster Family Assistance Act of 1996 as amended, the Federal Family Assistance Plan for Aviation Disasters, the Comair/Delta Connection Emergency Response Plan, the Delta Emergency Operations Manual, the Delta Care Team Manual, the Comair Care Team Manual and the Delta Care Team Training Manual, disregarding that Jamie Hebert was the mother of Bryan Woodward's only two children, then minors Lauren Madison Hebert and Mattie-Kay Hebert, instead appointing and thereafter persisting in the

appointment of Ramona Keene as Bryan Woodward's "next of kin" for the airline's purposes even though Ramona Keene did not even know her two granddaughters;

d. In violation of the Aviation Disaster Family Assistance Act of 1996 as amended, the Federal Family Assistance Plan for Aviation Disasters, the Comair/Delta Connection Emergency Response Plan, the Delta Emergency Operations Manual, the Delta Care Team Manual, the Comair Care Team Manual and the Delta Care Team Training Manual, the management disregarded the argument made by Care Team member David Dill and possibly others that it was wrong for the airline to appoint Ramona Keene as Bryan Woodward's next of kin instead of Jamie Hebert;

e. In violation of the applicable protocols and procedures failing to properly inform Jamie Hebert at almost every step, not even telling her "next of kin" was an issue or that it had been determined against her;

f. In violation of the Aviation Disaster Family Assistance Act of 1996 as amended, the Federal Family Assistance Plan for Aviation Disasters, the Comair/Delta

Connection Emergency Response Plan, the Delta Emergency Operations Manual, the Delta Care Team Manual, the Comair Care Team Manual and the Delta Care Team Training Manual, through Delta employee Joqueline Green, using physical and mental intimidation on Jamie Hebert, including use of abusive language, pushing, shoving and hitting in an attempt to convince Jamie Hebert to sign documents she did not wish to sign;

g. In violation of the applicable protocols and procedures airline employees at the Campbell House made false and misleading statements that the passengers died from the impact and not the post crash fire;

h. In violation of the applicable protocols and procedures airline employees extended family assistance privileges at the Campbell House to approximately twenty distant members of Bryan Woodward's birth

family, whom Bryan Woodward not only avoided but also went to great lengths to protect his wife and children from;

i. In violation of the applicable protocols and procedures airline employees at the Campbell House failed to protect and provide security for Jamie Hebert whose safety was threatened by some of the individuals who never should have been at the Campbell House in the first place;

j. In violation of the Aviation Disaster Family Assistance Act of 1996 as amended, the Federal Family Assistance Plan for Aviation Disasters, the Comair/Delta Connection Emergency Response Plan, the Delta Emergency Operations Manual, the Delta Care Team Manual, the Comair Care Team Manual and the Delta Care Team Training, airline employees at the Campbell House treated Jamie Hebert with disdain and disrespect, and conducted themselves in an abusive manner in the aftermath of the crash and especially associated with Jamie's resistance to Ramona Keene's stated intention to cremate Bryan Woodward's body and sprinkle his ashes all over America, an appalling prospect to Jamie Hebert.  Examples of the comments made by defendant's employees to Jamie Hebert include:

"While you are taking so long to sign these papers, Bryan could be laying in a field"

"If you really loved Bryan you would sign these forms so he could be buried"

"You're making our job more difficult Jamie, when in reality this is something easy to manage"

"Go home with your dad, look, he's had enough, go on home with your

dad and get back to your life"

"It doesn't matter what you tell the kids"

"The kids will grow up and grow over it"

"I'm tired of going to meetings about you Jamie, sign these papers"

"Look, we know your family is Bryan's real family, how could we not know right, but in life you don't always get what you want"

"You could always bury an empty coffin and not tell the kids"

"Listen, if you want we can act like you are taking Bryan home so even your family thinks he is being buried. We can talk to the funeral home"

"Look, there isn't much of Bryan left anyway, it isn't like you would be having an open casket at his funeral"

"The other families are mad because we are told we have to release the bodies all at once, you're holding up the process"

"Your time with Bryan is over and Bryan doesn't care what happens to him now"

"We're already working on the settlement with Bryan's mother"

"Since Bryan's mother is cremating Bryan's remains, maybe you can take home one of the seven bags she requested"

"We are just doing our job Jamie, don't be mad at me or us"

"In the end, no matter what you decide Bryan won't be in your life to know any different"

k. During all of this, and again in violation of the Federal Family Assistance Plan for Aviation Disasters, the Comair/Delta Connection Emergency Response Plan, the Delta Emergency Operations Manual, the Delta Care Team Manual, the Comair Care Team Manual and the Delta Care Team Training Manual, doing absolutely nothing to protect or act in the best interests of Bryan Woodward's two minor daughters,

subjecting Jamie Hebert to even further suffering.

21.  Jamie Hebert came to Lexington after the crash for two simple reasons: **First**, to confirm if Bryan was on flight 5191, because he was supposed to have been in Texas at the time of the crash instead;  and **Second**, if he was, to bring his body home to Louisiana.  It was the job of the defendants to assist her with both of these tasks, and instead they interfered at every step, humiliating Bryan Woodward and his memory and further devastating his family.

22. The treatment of Jamie Hebert by the defendants in the aftermath of the crash deviated from all reasonable bounds of decency and law and constitutes extreme and outrageous acts or omissions.

23. This extreme and outrageous conduct was a substantial factor causing Jamie Hebert to suffer severe emotional distress, including a medically diagnosed severe and disabling form Post Traumatic Stress Disorder and Dysthymia.

24. The defendant Comair, Inc. is liable to Jamie Hebert, individually, for her severe emotional distress as a result of the extreme and outrageous conduct described in this count.

25. The defendant Delta Air Lines, Inc. is liable to Jamie Hebert, individually, for her severe emotional distress as a result of the extreme and outrageous conduct described in this count. In the alternative, Delta Air Lines, Inc. is liable for that portion of Jamie Hebert's severe emotional distress caused by extreme and outrageous conduct of Delta employees.

WHEREFORE, plaintiff Jamie Hebert, individually, requests judgment in her favor and against Defendant Delta Air Lines, Inc. and Defendant Comair, Inc., and U.S.A. jointly, severally and in solido for full, fair and appropriate compensatory damages for the extreme and outrageous conduct recklessly

committed by the defendants that caused her to suffer severe emotional distress, past and future, plus costs, interest, and all other relief to which she may be entitled.

THIRD CAUSE OF ACTION
(DELTA AND COMAIR—RECKLESS INFLICTION OF SEVERE EMOTIONAL DISTRESS—PUNITIVE DAMAGES)

Plaintiffs' incorporate the allegations of the

First and Second causes of action by reference.

26.  The plaintiffs, Gerald Hebert, and Deborah Blanchard Waters, were also subjected to the same pattern of isolation, intimidation, and furthermore subjected to physical and psychological abuse by agents of the corporate defendants, in the same manner as plaintiff Jamie Hebert.

FOURTH CAUSE OF ACTION
(DELTA AND COMAIR—RECKLESS INFLICTION OF SEVERE EMOTIONAL DISTRESS—PUNITIVE DAMAGES)

Plaintiffs' incorporate the allegations of the

First, Second and Third causes of action by reference.

27.  Plaintiffs, Lauren Madison Hebert and Mattie Kay Hebert, minor

children of the deceased at the time these actions complained of, were both directly harmed by the harassing phone calls and isolation of their family, but also indirectly harmed by the psychological damages suffered by the other plaintiffs.

FIFTH CAUSE OF ACTION
(DELTA AND COMAIR—RECKLESS INFLICTION OF SEVERE EMOTIONAL DISTRESS—PUNITIVE DAMAGES)

Plaintiffs' incorporate the allegations of the First, Second, Third and Fourth causes of action by reference.

28. The same conduct described in the First Second Third causes of action sets forth a valid claim for punitive damages.

29. Plaintiffs, each individually, claim punitive damages from Defendants Delta Air Lines, Inc. and Comair, Inc. for their extreme and outrageous treatment received in the aftermath of the crash.

WHEREFORE, plaintiffs, Jamie Monique Hebert, Gerald Hebert, and Deborah Blanchard Waters , Lauren Madison Hebert and Mattie Kay Hebert each individually, requests judgment against Defendants Delta Air Lines, Inc. and Comair, Inc., and U.S.A. jointly, severally and in solido, for compensatory and

punitive damages for their post crash conduct in an amount to be determined by a jury, plus costs, interest and all other relief to which they may be entitled.

                                                Respectfully Submitted,
                                                GEORGE J. TATE, P.L.L.C.

                                    BY: /s/ *George J. Tate*
                                         George J. Tate, B. R. No. 12663
                                         130 Main Street – P. O. Box 817
                                         Abbeville, La 70511-0817
                                         Telephone: (337) 893-8335
                                         Trlrfacsimile: (337) 893-8653
                                         E-mail: georgetate@bellsouth.net

## VERIFICATION

Now appeared undersigned plaintiffs, who each, duly sworn, did depose and say that the facts contained in the foregoing Original Complaint are true and correct to the best of each affiant's knowledge, information and belief.

Youngsville, Louisiana this 27th day of August, 2011.

       /s/ *Jamie Monique Hebert*
       Jamie Monique Hebert

       /s/ *Lauren Madison Hebert*
       Lauren Madison Hebert

       /s/ *Mattie Kay Hebert*
       Mattie Kay Hebert

       /s/ *Gerald Hebert*
       Gerald Hebert


    /s/ *George J. Tate*
    George J. Tate, B. R. No. 12663




DELTA AIR LINES, INC.
though its agent for service:

CORPORATION SERVICE COMPANY
320 SOMERULOS ST.
BATON ROUGE, LA 70802-6129

COMAIR, INC.
though its agent for service:

THE PRENTICE-HALL CORPORATION SYSTEM, INC
320 SOMERULOS STREET
BATON ROUGE, LA 70802-6129

UNITED STATES:
OF AMERICA
though its agent for service:
through the United States Attorney for
the Western District of Louisiana:

Stephanie A. Finley, Esq. - United States Attorney
United States Attorney's Office
Western District of Louisiana
800 Lafayette Street, Suite 2200
Lafayette, LA 70501