UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JAMIE MONIQUE HEBERT,                    CIVIL ACTION NO. 11-CV-1574
LAUREN MADISON HEBERT,
MADDIE KAY HEBERT, GERALD
HEBERT, DEBORAH BLANCHARD
WATERS                                   JUDGE MELANCON

VERSUS

DELTA AIRLINES, INC.,                     MAGISTRATE JUDGE HANNA
COMAIR INC. AND UNITED
STATES OF AMERICA

### Report and Recommendations

Before the undersigned, on referral from the district judge for report and

recommendation are two motions[1]: the Motion to Dismiss by Defendants Delta Air Lines,

Inc. and Comair, Inc. pursuant to Rule 12(b)(6) [Rec. Doc. 9] and the Motion to Dismiss

for Lack of Jurisdiction filed by the United States pursuant to Rule 12(b)(1). [Rec. Doc.

15] For the reasons set out below, it is the recommendation of the undersigned that both

motions be GRANTED, and that the claims of Plaintiffs be dismissed.

### Pertinent Facts and Procedural History:

This litigation arises from the crash of Comair Flight 5191 on August 27, 2006, in

Lexington, Kentucky.  Bryan Keith Woodward was one of 47 passengers on the flight

---

[1]Defendants Comair and Delta also filed an alternative Motion to Change Venue[Rec. Doc. 10], which is pending before Judge Melancon.

1

who died in the accident.  Plaintiffs are family members of the deceased Mr. Woodward. On September 8, 2006, suit was filed on behalf of the Woodward Estate and the Hebert family in Fayette Circuit Court in Lexington, Kentucky.[2]  The action was decided in a jury trial in the U.S. District Court for the Eastern District of Kentucky, and "all awarded moneys have been paid out or held in trust." [Rec. Doc. 1, p. 3]

On August 29, 2011, the instant Complaint was filed by/for Jamie Monique Hebert, her daughters Lauren Madison Hebert and Mattie Kay Hebert, her father Gerald Hebert, and her aunt Deborah Blanchard Waters. [Rec. Doc. 1] Named as defendants are Comair, Inc., Delta Air Lines, Inc., and the United States of America through the National Transportation Safety Board(NTSB).  Plaintiffs allege they were treated poorly and improperly by NTSB members after the plane crash, contrary to the mandates of 49 U.S.C. §1136 and 49 U.S.C. §41113.  They allege they were isolated and prevented from communicating with one another and were prevented from getting information about the deceased.  The plaintiffs further allege they were subjected to physical and psychological abuse by agents of the corporate defendants in a concerted attempt to have them sign settlements.  Jamie Hebert asserts a cause of action for reckless infliction of severe emotional distress against Delta and Comair.  Gerald Hebert and Deborah Blanchard[3] Waters assert similar claims against Delta and Comair.  Plaintiffs Lauren Madison Hebert

---

[2]*Hebert et al. v. Comair, Inc., et al*, Case No. 5:07-cv-320.

[3]Neither Gerald Hebert nor Deborah Blanchard were parties in the Kentucky litigation.

and Mattie Kay Hebert, minor children of the deceased at the time of the crash, also made claims of reckless infliction of severe emotional distress against Delta and Comair.  All plaintiffs claim entitlement to recovery of compensatory and punitive damages.  They rely on Kentucky's five year statute of limitations for such claims. [Rec. Doc. 1, p. 2]

On January 17, 2012, Defendants Delta Air Lines, Inc. and Comair, Inc. filed the Motion to Dismiss [Rec. Doc. 9], urging that the Complaint is an improper splitting of the causes of action which were or could/should have been brought in the Kentucky litigation, making those claims barred by *res judicata*.  The moving defendants further asserted that the plaintiffs' claims for intentional infliction of emotional distress are not recognized under Kentucky law, and such claims would be barred by prescription in any event.  Defendants declare that the instant litigation "is another attempt to make an end run around the Kentucky litigation in order to preserve the fraudulent claim of marriage" by Jamie Hebert in the Kentucky litigation. [Rec. Doc. 9-1, p. 13]

On February 10, 2012, the Motion to Dismiss for Lack of Subject Matter Jurisdiction was filed by the United States. [Rec. Doc. 15] In the motion, the government asserts that the court lacks subject matter jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2671 *et seq.*  According to the government, "the sole basis for this motion,...is that Plaintiffs failed to submit an administrative claim to the agency" since the United States is immune from suit when tort claims have not been first submitted to the appropriate federal agency within two years after the claim accrues.

3

[Rec. Doc. 15-1, p. 1] Based on the language of the Complaint, the agency made subject of the plaintiff's claims against the United States is the National Transportation Safety Board(NTSB). [Rec. Doc. 1, pp. 2-3, para. 4, 9] The agency is mentioned only twice in the Complaint, and no factual allegations against the NTSB appear in the complaint at all.

Both motions are opposed by Plaintiffs. [Rec. Doc. 23, 43]

## APPLICABLE LAW AND DISCUSSION

***The Applicable Rule 12(b) Standards:***

Both of the motions presented herein are based upon provisions of Rule 12(b) of the Federal Rules of Civil Procedure.  The motion by the corporate defendants is brought pursuant to Rule 12(b)(6) and the motion brought by the government defendant is based upon Rule 12(b)(1).

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.  *Ramming v. United States*, 281 F.3d 158, 161(5th Cir. 2001).  When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498(5th Cir. 2000).  The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205(5th Cir. 2007)(internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369

4

F.3d 464, 467(5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196(5th Cir. 1996).  But, conclusory allegations and unwarranted deductions are not accepted as true, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929(2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209(1986).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 U.S. at 570.  The plaintiff's obligation is "to provide the 'grounds' of his 'entitle[ment] to relief' [and] requires more than labels and conclusions." *Id* at 555, citing *Papasan*, 478 U.S. at 286.  The allegations must be sufficient to "raise a right to relief above the speculative level," and the pleading must contain something more than a statement of facts which create merely a suspicion of a legally cognizable right of action.  *Id* at 555.  While detailed factual allegations are not required, the plaintiff's obligation is to provide the grounds of his entitlement to relief, using more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 55 U.S. at 555.  See also *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1950(2009).  As the court stated in *Twombly*, if the plaintiff fails to allege facts sufficient to "nudge[][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949.  The determination is context-specific, requiring the court to draw on its common sense and judicial experience.  In *Ashcroft*, the Supreme Court explained further:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id at 1950.

The Fifth Circuit explained the *Twombly* plausibility standard of pleading succinctly, as applied to Fed. R. Civ. P. 8(a)(2):

> The complaint(1) on its face (2) must contain enough factual matter(taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim.  "Asking for [such] plausible grounds to infer [the element of the claim] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257(5th Cir. 2009), quoting *Twombly*, 550 U.S. at 556.

Contrary to the argument that the decisions in *Twombly* and *Ashcroft* have changed the pleading requirements under Fed. Rule Civ. P. 8, the Fifth Circuit emphasized that *Twombly* does not create a heightened pleading standard and does not alter, but only "explicates" Rule 8(a)(2), because *Twombly* itself recognizes pleading requirements can only be changed by amendment of the Federal Rules.  *Lormand*, at 258, n. 29.

Literally days after *Twombly* was decided, the Supreme Court, citing *Twombly*,

6

stated the following:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ...claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007).

Thus, while the court is not to give the 'assumption of truth' to conclusions, factual allegations remain so entitled.  Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow the court to reasonably infer that the defendant is liable for the misconduct alleged.  This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim.  The standard, under the specific language of Rule 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based.  The standard is met by the 'reasonable inference' the court must make that, with or without discovery, the facts set forth a plausible claim for relief under the particular theory of law provided there is a 'reasonable expectation; that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257, *Twombly*, 550 U.S. at 556.

In considering the Rule 12(b)(6) motion, the court may consider the complaint itself and only a very few other categories of materials.  The court may consider exhibits

attached to the complaint, documents that the complaint incorporates by

reference(provided they are both undisputed and central to the pleaded claims), and

materials of which the court may take judicial notice. *Dorsey v. Portfolio Equities, Inc.*,

540 F.3d 333, 338 (5th Cir. 2008). The parties may supply affidavits and other materials

either in support of or in opposition to a motion for failure to state a claim, but doing so

will re-cast the motion. If the court considers the extrinsic evidence, the motion must be

converted into a request for summary judgment under Rule 56. *Washington v. Allstate Ins.

Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990). The court has complete discretion, based on a

determination of whether or not the proffered material and the resulting conversion from

the Rule 12(b)(6) to the Rule 56 procedure is likely to facilitate the disposition of the

action, to accept material beyond the pleadings that is offered in conjunction with a Rule

12(b)(6) motion. *Isquith for and on behalf of Isquith v.Middle South Utilities, Inc.*, 847

F.2d 186, 193 n. 3 (5th Cir.1988).

The standard for a Rule 12(b)(1) motion is different. Federal courts are courts of

limited jurisdiction, and absent jurisdiction conferred by statute, federal courts lack the

power to adjudicate claims. *Stockman v. Federal Election Comm'n*, 138 F.3d 144,

151(5th Cir. 1998). The burden of establishing subject matter jurisdiction in federal court

rests on the party seeking to invoke it. *St. Paul Reinsurance Co. V. Greenberg*, 134 F.3df

1250, 1253(5th Cir. 1998). When the court "lacks the statutory or constitutional power to

adjudicate [a] case," the case should be dismissed pursuant to Rule 12(b)(1). *Nowak v.*

*Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996).

When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. Under Rule 12(b)(1), a court has wide discretion to review affidavits, and other documents outside of the pleadings, as well as to conduct a limited Evidentiary Hearing, in order to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside of the pleadings does not convert the motion to a Rule 56 summary judgment motion. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995).

However, a court is required to convert a Rule 12(b)(1) Motion to Dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. *Holt*, 46 F.3d at 1003. The jurisdictional question is deemed to be intertwined with the merits of the case, if the same statute which provides the court with subject matter jurisdiction, also forms the basis for a substantive claim. *Id.* "The district court consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981).

9

**THE MOTION TO DISMISS BY DELTA AIR LINES AND COMAIR [Rec. Doc. 9]**

In the instant case, as to the first two arguments raised by the defendant movers(timeliness based on applicable statutes of limitations and the outrage claims by Gerald Hebert and Deborah Waters) based on Rule 12(b)(6), the undersigned confines the analysis to the pleading at issue, the Original Complaint. [Rec. Doc. 1]

***What limitations or prescriptive period applies to this case?***

Defendants assert that Plaintiffs' claims are prescribed on the face of the Complaint, warranting dismissal on those grounds.  They argue that all of the claims by Plaintiffs for reckless infliction of emotional distress sound in tort, or delict.  Under Louisiana law, such actions are prescribed after one year from the day the injury or damage is sustained. La. C.C.3492.  Even outrage claims are bound by the one year prescriptive period in Louisiana.  *Bustamento v. Tucker*, 607 So.2d 532, 538(La. 1992). In Kentucky, the statute of limitations for personal injury claims is also one year [Ky. R.S. §413.140], although an intentional infliction of emotional distress claim has been held to expire after five years, as Plaintiffs note in their citation to *Craft v. Rice*, 671 S.W.2d 247, 251(Ky. 1984) and their reference in the Complaint to reliance "on Kentucky Revised Statute 413.120 (7) for the five (5) year statute of limitations." [Rec. Doc. 1, p. 2, para. 6]

Louisana Civil Code article 3549 provides, in pertinent part:

A. When the substantive law of this state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies.

B. **When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, except as specified below**: (1) If the action is barred under the law of this state, the action shall be dismissed unless it would not be barred in the state whose law would be applicable to the merits and maintenance of the action in this state is warranted by **compelling considerations of remedial justice**.[Emphasis added]

The parties agree that the substantive law of the state of Kentucky applies to the merits of this action.  Pursuant to the provisions of La. C.C. art. 3549(B), the one year prescriptive period set out in Louisiana law will apply to this case unless Plaintiffs can demonstrate "compelling considerations of remedial justice."

In *Brown v. Slenker*, 220 F.3d 411(5th Cir. 2000), the court examined the meaning of the phrase "compelling considerations of remedial justice" and held "in cases where plaintiffs have litigated their claims in Louisiana by choice, not by necessity, claims of 'compelling considerations' warranting maintenance of the suit in Louisiana have been consistently rejected." *Id*. at 420.  Citing the Restatement 2d of Conflict of Laws §142 from which the "compelling considerations" provision was taken, the court stated, "There is no question that the authors of the 'compelling considerations of remedial justice' exception intended it to be used in only the most extraordinary of circumstances." *Id.; see also Henry v. Duane Morris, LLP*, 210 Fed. Appx. 356, 359(5th Cir. 2006) (As a general rule, Louisiana law of prescription should be applied to all civil suits brought in Louisiana

11

courts, regardless of which state's law applies to the underlying substance of the suit);
*Tigert v. American Airlines, Inc*., 390 Fed. Appx. 357, 360(5th Cir. 2010).  Most recently,
in *McGee v. Arkel Intern., LLC* __F.3d__(5th Cir. 2012), the Fifth Circuit stated: "There
is scant Louisiana case law on the remedial justice principle under Article 3549(B), and
only one case found the considerations to be compelling."  *See Smith v. ODECO(UK)
Inc.*, 615 So.2d 407, 410(La. App. 4th Cir.1993).  In *Smith*, a resident of the United
Kingdom brought an action in Louisiana state court for injuries sustained while on a
drilling rig off the coast of Spain. *Id*. at 408.  Finding that Louisiana is the only forum
where a suit may be maintained against all the defendants, the court found there were
'compelling considerations' warranting maintenance of the action in Louisiana. *Id.* at 410.

Defendants assert that there are no compelling considerations in the instant case to
warrant maintaining this action in Louisiana, under Kentucky's more generous
prescriptive period.  The court agrees.  Plaintiffs had several options available to them,
including to (1) file suit in Kentucky state court within five years or (2) file an action in
Louisiana before the one year prescriptive period had run.  Based upon the foregoing, the
court finds no "compelling considerations of remedial justice" to warrant departing from
the provisions of La. C.C. art 3549(B).

In opposition to the defense motion, and perhaps in anticipation of this finding,
Plaintiffs now argue that "this action is a federal question case brought pursuant to the
Aviation Disaster Family Assistance Act of 1996, 49 U.S.C. §1136 and 49 U.S.C.

§41113("ADFAA"), with only a supplemental(pending)Kentucky state law claim." [Rec.

Doc. 23, pp. 5-6]   Plaintiffs now argue for the first time that the breaches of duty owed to

them under these provisions arise under quasi contract, as established under La. C.C. art.

1757, subject to a liberative prescription of ten years. [Rec. Doc. 23, pp. 6-7] There are no

references to contract or quasi-contract in the Complaint, and all damages referenced in

the Complaint are for compensatory and punitive damages associated with the reckless

infliction of severe emotional distress described by each plaintiff.  Further, Plaintiffs'

argument assumes that the ADFAA allows for a private cause of action by Plaintiffs,

which the defendants dispute and this court rejects, based upon the plain reading of the

statutes cited by Plaintiffs and the absence of any language creating private remedies or

the elements of such a cause of action under the statutes.  To confer individual rights

subject to private enforcement, Congress must "'speak with a clear voice;" and

"'unambiguous[ly] confer those rights.'" *Delancey v. City of Austin*, 570 F.3d 590,

593(5th Cir. 2009)(quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280(2002)). "Statutes

that focus on the person regulated rather than the individuals protected create 'no

implication of an intent to confer rights on a particular class of persons.'" Id. (quoting

*Alexander v. Sandoval*, 532 U.S. 275, 289(2001).

In considering the pleadings, the court agrees with Defendants' assertion that "it is

apparent from the allegations of the Complaint and the structure of the Complaint itself

13

that Plaintiffs alleged legal claims of outrage under Kentucky law with alleged violations of the Act as support for those claims." [Rec. Doc. 35, p. 2]

On the application of Kentucky substantive law and Louisiana's law of prescription per La. C.C. art 3549(B), the court finds that the tort claims of the plaintiffs are prescribed on the face of the pleadings. Thus the Motion to Dismiss for failure to state a claim should be GRANTED as to all plaintiffs.

### *The pleadings do not state a viable claim for outrage by Plaintiffs Gerald Hebert and Deborah Waters or Lauren and Mattie Kay Hebert.*

There are no allegations in the pleadings of specific acts by Defendants directed at the father and aunt of Jamie Hebert, only that these individuals "were also subjected to the same pattern of isolation, intimidation, and furthermore subjected to physical and psychological abuse by agents of the corporate defendants, in the same manner as plaintiff Jamie Hebert." [Rec. Doc. 1, p. 15, para. 26] As the Kentucky Supreme Court in *Craft* did not adopt §46(2) of the Restatement 2d of Torts related to third parties, Kentucky does not recognize a claim for outrage when the plaintiff is not the recipient of the outrageous conduct. *Fryman v. Masters*, 2005 WL 1993464(Ky. Ct. App. 2005). Thus, even if these claims were not prescribed, which they are, they must be dismissed for failure to state a cause of action under Kentucky law.

This same reasoning applies to the claims brought by/for Lauren and Mattie Kay Hebert.  Neither traveled to Kentucky after the crash, and the Complaint merely alleges

14

that the defendants "indirectly harmed" Lauren and Mattie Kay through their actions

directed at Jamie Hebert and damages suffered by "the other plaintiffs." [Rec. Doc. 1, p.

16, para. 27]

**The claims of Jamie, Lauren and Mattie Kay Hebert are additionally barred by principles of res judicata[claim preclusion].**

As an initial matter, the Court will consider and treat the Motion to Dismiss as to

Defendants' *res judicata* argument as a motion for summary judgment under Rule 56,

since  matters outside the pleadings are presented to and not excluded by the court.

*Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990); *Isquith for and on*

*behalf of Isquith v.Middle South Utilities, Inc.*, 847 F.2d 186, 193 n. 3 (5th Cir.1988) (The

court has complete discretion, based on a determination of whether or not the proffered

material and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure is

likely to facilitate the disposition of the action, to accept material beyond the pleadings

that is offered in conjunction with a Rule 12(b)(6) motion).  However, this Court is only

considering matters outside the pleadings in this case that consist entirely of matters in the

record of the prior federal suit in Kentucky.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is

appropriate when there is no genuine dispute as to any material fact and the moving party

is entitled to judgment as a matter of law. A fact is material if proof of its existence or

nonexistence might affect the outcome of the lawsuit under the applicable substantive law

in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Minter v. Great*

*American Ins. Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005). A genuine issue of

material fact exists if a reasonable jury could render a verdict for the nonmoving party.

*Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. at 252.

The party seeking summary judgment has the initial responsibility of informing the

court of the basis for its motion, and identifying those parts of the record that it believes

demonstrate the absence of a genuine issue of material fact. *Washburn v. Harvey*, 504

F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party carries its initial burden, the burden shifts to the nonmoving party to

demonstrate the existence of a genuine issue of a material fact. *Id*. All facts and justifiable

inferences are construed in the light most favorable to the nonmovant. *Brumfield v.*

*Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Matsushita Elec. Indus. Co. Ltd. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

at 255.  If the dispositive issue is one on which the nonmoving party will bear the burden

of proof at trial, the moving party may satisfy its burden by pointing out that there is

insufficient proof concerning an essential element of the nonmoving party's claim.

*Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d

409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325. The motion

should be granted if the non-moving party cannot produce evidence to support an

essential element of its claim. *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 197(5th Cir. 2005).

Plaintiffs Jamie Hebert, as Administrix of the Woodward Estate and on behalf of her minor children Lauren and Mattie Kay Hebert, originally filed suit in the Fayette Circuit Court, Lexington, Kentucky, on September 8, 2006, against Comair, Inc. For the wrongful death of Bryan Woodward in the Flight 5191 crash on August 26, 2006. [Rec. Doc. 9, Ex. 1] On August 27, 2007, the Kentucky court permitted an amendment, adding Jamie Hebert as a plaintiff in her individual capacity, and adding Delta Airlines Inc. as a defendant.[Rec. Doc. 9-6, Ex. 5] The United States was added as a third party defendant, and it removed the action to the Eastern District of Kentucky, Judge Karl Forester presiding, where it was cumulated with other cases arising out of the air crash.[4]   On July 8, 2008, Delta Airlines' motion for summary judgment in all cases was granted. [Rec. Doc. 9-16, p. 11]

On October 22, 2008, more than a year after the court-set deadline for amending the pleadings (August 27, 2007), Hebert sought leave to file a second amended complaint to add new claims similar to those advanced in this Court for alleged reckless infliction of severe emotional distress. [Rec. Doc. 9-12]   On March 2, 2009, Hebert filed a motion and memorandum to substitute a Third Amended Complaint, which stated additional factual bases for Jamie Hebert's prior claim of reckless infliction of emotional distress

---

[4]*In Re: Air Crash at Lexington, Kentucky, August 27, 2006*, Master File No. 5:06-cv-316.

and added completely new claims of reckless infliction of emotional distress arising from conduct directed toward Jamie Hebert by Delta and Comair employees immediately after the crash. Hebert also sought to add Delta Air Lines Inc. as a defendant.

The only excuse offered by Hebert for the delay in bringing the new claims was that Jamie Hebert was not "medically diagnosed" as suffering from severe emotional distress until a psychiatric evaluation in late September, 2008. However, in initial disclosures by Hebert in January, 2007, "health care providers who provided care for emotional distress" were listed as witnesses.  Further, interrogatory responses by Hebert regarding damages being claimed included "mental anguish" and "grief, pain and suffering of decedent's family." [Rec. Doc. 9-16, p. 8] The Kentucky court concluded from this evidence that Hebert "plainly discerned mental harm at the time of the crash or shortly thereafter." [Rec. Doc. 9-16, p. 8] As to the even longer delay in proposing the totally new claims of infliction of emotional distress based on conduct immediately following the crash and naming Delta as a new defendant, Hebert argued to the Kentucky court that she had newly discovered evidence that some of the conduct was committed by Delta employees, yet in opposition to Delta's summary judgment motion in May, 2008, Hebert argued that all personnel associated with Flight 5191 appeared to be Delta employees or agents. [Rec. Doc. 9-16, p. 10] In considering the proposed amended pleadings, the Kentucky court found that "Plaintiff Jamie Hebert was aware of the facts leading to her claims of post-crash reckless infliction of emotional distress in the days

18

immediately following August 27, 2006." [Rec. Doc. 9-16, p. 11] For these and other reasons articulated in the court's detailed Opinion and Order of May 1, 2009, Hebert's efforts to file the Second Amended Complaint and Third Amended Complaint to add claims of damages to her individually were denied. [Rec. Doc. 9-16]

During its pendency in Kentucky federal court, Jamie Hebert's claim for spousal loss of consortium was withdrawn after issues were raised in that court regarding fraud. [Rec. Doc. 9-29] The Kentucky case, styled as a wrongful death action pursuant to the Federal Tort Claims Act, proceeded to trial on the merits in December, 2009.  After a four-day jury trial, damage awards were made in the amounts of $3,000,000 to Mattie Kay Hebert, $2,000,000 to Lauren Hebert, $1,350,000 for Woodward's lost earnings and $750,000 for Woodward's pain and suffering.  *In re Air Crash at Lexington, Kentucky*, 2010 WL 1416748, 1(E.D.Ky 6, 2010).   All judgments and costs have been paid, making the disposition of the litigation final.

Plaintiffs' claims for intentional infliction of emotional distress now being brought in this action are identical to the allegations in the Third Amended Complaint sought to be filed in the Kentucky litigation. [Rec. Doc. 9-15, Ex. 14] The effort to amend the pleadings was beyond all allowable deadlines, and they were not allowed on that basis and also because they would prejudice Comair and Delta.  In his opinion and order, Judge Forester stated:

> Jamie Hebert was aware of the facts leading to her claims of post-crash reckless infliction of emotional distress in the days immediately following

August 27, 2006.  Her allegations in the Third Amended Complaint involve the Comair and Delta's failure to provide timely notification that Brian Woodward was confirmed to have boarded the flight, disregarding her status as Woodward's spouse, using physical and mental intimidation on her, failing to provide security for her.... Since Jamie Hebert was an active participant in all of these events, she was fully aware of the conduct at the time...she was receiving care for emotional distress before January 15, 2007....  There is no reason she could not have included these claims against Delta when she joined them in her first Amended Complaint filed August, 2007.  She offers no reason whatsoever that she could not have brought these individual claims against Comair long ago. [Rec. Doc. 9-16, Ex. 15]

"Federal law clearly governs the question whether a prior federal court judgment based on federal question jurisdiction is res judicata in a case also brought, as this one was, under federal question jurisdiction." *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 715(5th Cir. 1975).  The federal law of res judicata also establishes that a judgment in a prior suit bars a subsequent cause of action between the same parties not only as to all matters litigated in the first suit, but also as to all issues that could have been litigated regarding the same cause of action [claim preclusion]" *Commercial Box & Lumber Co., Inc. v. Uniroyal, Inc.*, 623 F.2d 371, 373(5th Cir. 1980).  "To determine whether two suits involve the same claim for purposes of claim preclusion, the critical issue is whether the two actions under consideration are based on the same nucleus of operative facts." *In re Southmark Corp.*, 163 F.3d 929(5th Cir. 1999).  Under federal law, the doctrine of res judicata applies if (1) the parties are identical in both suits, (2) the prior judgment was rendered by a court of competent jurisdiction, (3) there is a final judgment on the merits,

and (4) the same cause of action is involved in both cases.  *See In re Air Crash at Dallas/Fort Worth Airport*, 861 F.2d 814, 816(5th Cir. 1988).

The Fifth Circuit has adopted the transactional test of the Restatement (Second) of Judgments to determine whether two suits involve the same claim ("claim splitting"):

> (1) When a valid and final judgment rendered in an actin extinguishes the plaintiff's claim pursuant to the rules of merger or bar(see §§18, 19), **the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the <u>transaction, or series of connected transactions</u>, out of which the action arose.**

> (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, **giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.** [Emphasis added]

"Comment (c)[to §24] provides the following guidance:

> 'That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims.'  Moreover, §25 states that the transactional test 'applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action...[t]o present evidence or grounds or theories of the case not presented in the first action;....'**As a general principle, then the plaintiff must assert in his first suit all the legal theories that he wishes to assert, and his failure to assert them does not deprive the judgment of its effect as res judicata**.'" *Ocean Drilling & Exploration Co., Inc. v. Mont Boat Rental Services, Inc.*, 799 F.2d 213, 217(5th Cir. 1986)(emphasis added).

As discussed above, Gerald Hebert and Deborah Waters have no third party outrage claims and must be dismissed from this litigation.  Thus, the record establishes that the parties in this action are identical to those in the Kentucky litigation in which a

final judgment on the merits was issued by a court of competent jurisdiction on identical

claims which could have been brought in that court, but for the plaintiffs' own actions. It

is well-settled that "[t]he federal law of res judicata also establishes that a judgment in a

prior suit bars a subsequent cause of action between the same parties not only as to all

matters litigated in the first suit, but also as to all issues that could have been litigated

regarding the same cause of action." *Commercial Box & Lumber Co., Inc. v. Uniroyal,

Inc.*, 623 F.2d 371, 373(5th Cir. 1980).  For these reasons, the claims of Plaintiffs' Jamie,

Lauren and Mattie Kay Hebert should be dismissed based upon principles of res judicata,

and Defendants' motion on that ground should be granted.


### THE MOTION TO DISMISS BY THE UNITED STATES [Rec. Doc. 15]

The United States has filed a motion for dismissal of the Complaint pursuant to

Rule 12(b)(1)  for lack of subject matter jurisdiction under the Federal Tort Claims Act,

28 U.S.C. §§1346(b) and 2671 et seq. The government asserts that there are two

jurisdictional prerequisites for filing a tort suit against the United States: the exhaustion of

administrative remedies and a timely presentation of claims.  28 U.S.C. §2675(a)

(establishing the administrative claim requirement of the Federal Tort Claims Act); 28

U.S.C. §2401(b) (establishing the two year statute of limitations).    The United States is

immune from suit for tort claims that are not first submitted to the appropriate federal

agency within two years after the claim accrues.  The government bases its motion on the

22

fact that the plaintiffs failed to submit an administrative claim to the agency.  In fact, there is no allegation in the pleadings that an administrative claim was filed in this matter. And, the affidavit submitted by the government declares that a records search has found no administrative claim filed by the plaintiffs with the National Transportation Safety Board, the only agency mentioned in the Complaint. [Rec. Doc. 15-2]

In response, Plaintiffs assert that an administrative claim was submitted to the Federal Aviation Administration in August, 2007, satisfying the first prerequisite to suit under the FTCA. There is no assertion by Plaintiffs that they filed an administrative claim with the NTSB or otherwise gave notice of a claim to the NTSB, the only agency referenced in the complaint.  The NTSB is a separate and independent agency of the United States government, whereas the FAA is an agency of the Department of Transportation. 49 U.S.C. §106(a).  The regulations governing FTCA claims require that notice be "presented to the Federal agency whose activities gave rise to the claim." 28 CFR §14.2(b)(1).  The purpose of the notice requirement is to give the appropriate agency adequate information to "investigate, and enable it to ascertain whether the claim could or should be settled."  *Blue v. United States*, 567 F.Supp. 394, 397(D.Conn. 1983) (adopting the Fifth Circuit's reasoning in *Adams v. United States*, 615 F.2d 284(5th Cir. 1980), *clarified*, 622 F.2d 197(5th Cir. 1980)).  Since the notice and timing requirements are jurisdictional prerequisites to suit under the FTCA, as exceptions to the United States waiver of sovereign immunity, they must be strictly construed in the government's favor.

*See McNeily v. United States*, 6 F.3d 343, 347(5th Cir. 1993)(citing *Atorie Air v. FAA*, 942 F.2d 954, 958(5th Cir. 1991).   The failure to even allege in the pleadings a timely administrative claim with the appropriate federal agency misses a fundamental element of an FTCA claim.

The government having raised the issue that the plaintiffs did not file an administrative claim, this Court allowed the plaintiffs the opportunity to present evidence to the contrary. They did not.  Therefore, there is no jurisdiction in this court for the claims of the plaintiffs against the government.  Having so concluded, it is not necessary to address the prescription issue.

### ***Recommendation***

For the foregoing reasons, and based on the record, the applicable law, and the arguments of the parties, it is the recommendation of the undersigned that the Motion to Dismiss by Defendants Delta Air Lines, Inc. and Comair, Inc. pursuant to Rule 12(b)(6) [Rec. Doc. 9] be GRANTED based on the statute of limitations and *res judicata,* and that the claims of the plaintiffs against those defendants be DISMISSED, with prejudice.

It is also the recommendation of the undersigned that the Motion to Dismiss for Lack of Jurisdiction filed by the United States pursuant to Rule 12(b)(1) [Rec. Doc. 15] be GRANTED and that the claims of the plaintiffs against that defendant be DISMISSED, without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana this 5th day of June, 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)