UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Hebert, et al                                                          Civil Action No. 11-cv-1574

versus                                                                    Judge Tucker L. Melançon

Comair Inc., et al                                                  Magistrate Judge Patrick J. Hanna

**JUDGMENT**

This matter was referred to United States Magistrate Judge Patrick J. Hanna for report and recommendation.  The Report and Recommendation filed on June 5, 2012, recommended that the Motion to Dismiss by defendants Delta Air Lines, Inc. and Comair, Inc. pursuant to Rule 12(b)(6), *R. 9*, and the Motion to Dismiss for Lack of Jurisdiction filed by the United States pursuant to Rule 12(b)(1), *R. 15*, be granted and that the claims of plaintiffs be dismissed.  *R. 50*.

On June 19, 2012, plaintiffs filed an objection to the Report and Recommendation arguing that: (1) plaintiffs' federal question clams have not prescribed and a private cause of action exists under the Aviation Disaster Family Assistance Act of 1996 ("ADFAA"), 49 U.S.C. §41113; (2) plaintiffs' state law claims are not prescribed; (3) Gerald Hebert, Deborah Waters, Lauren and Mattie Kay Hebert have asserted "viable" causes of action; and, (5) res judicata does not bar the claims of Jamie, Lauren and Mattie Kay Hebert.  *R. 51*. Comair, Inc. and Delta Air Lines, Inc. as well as the United States filed responses to plaintiffs' objection on June 29, 2012 asserting that the Magistrate Judge correctly applied the law in this case and properly recommended dismissal of all claims.  *R. 52; R. 53*.

While objecting to the entirety of the Report and Recommendation, plaintiffs' offer merely conclusory objections to all issues with the exception of their contention that the federal question claims have not prescribed because they have viable claims under the ADFAA. In the Report and Recommendation, the Magistrate Judge concluded that plaintiffs have no cause of action under the ADFAA as the statute does not allow for a private cause of action by plaintiffs. In their objection, plaintiffs direct the Court's attention to the Supreme Court's decision in which they state provides a four-part test for determining whether an implied private cause of action is available. *See* 422 U.S. 66, 78–79 (1975). Plaintiffs assert that an evaluation of the four *Cort* factors compels the conclusion that plaintiffs are entitled to bring a private cause of action to enforce the provisions of the ADFAA. Plaintiffs fail, however, to inform the Court that the analysis in *Cort v. Ash*, upon which plaintiffs base their objection was subsequently overruled or modified by the High Court.

In *Thompson v. Thompson*, 484 U.S. 174 (1988), Justice Scalia noted in his concurring opinion that the Supreme Court effectively overruled the *Cort v. Ash* analysis in *Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979), and *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15–16) (1979) (Scalia, J., concurring) ("[W]e effectively overruled the *Cort v. Ash* analysis in *Touche Ross* ... and *Transamerica* ... converting one of its four factors (congressional intent) into the determinative factor, with the other three merely indicative of its presence or absence.")). In *Thompson,* the Supreme

Court held that unless the legislative intent can be inferred from the language of the statute, or some other source, a private remedy will not be implied.

The United States Supreme Court later explained in *Alexander v. Sandoval*,

> Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.

532 U.S. 275, 286–87 (2001). Not only have plaintiffs failed to inform the Court of the foregoing, they have failed to point to a direct expression by Congress of any intent to provide a private cause of action or a private remedy to persons in plaintiffs' situation.

After an independent review of the record, and consideration of the objection filed as well as the responses thereto, this Court concludes that the Magistrate Judge's Report and Recommendation is correct and adopts the findings and conclusions therein as its own.

Accordingly, it is

**ORDERED** that the Motion to Dismiss by Defendants Delta Air Lines, Inc. And Comair, Inc. pursuant to Rule 12(b)(6)[Rec. Doc. 9] is **GRANTED**, and the claims of the plaintiffs against Delta Air Lines, Inc. and Comair, Inc are **DISMISSED**, with prejudice.

**IT IS FURTHER ORDERED** that the Motion to Dismiss for Lack of Jurisdiction filed by the United States pursuant to Rule 12(b)(1) [Rec. Doc. 15] is

**GRANTED** and the claims of the plaintiffs against the United States are **DISMISSED**, without prejudice.

**THUS DONE AND SIGNED** at Lafayette, Louisiana this 5th day of July, 2012.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE